MEIERHENRY, Justice
(dissenting).
[¶ 27.] I respectfully dissent. We all agree that the circuit court erroneously decided this case on the policy’s exclusions, i.e. intentional conduct and contract. Because the circuit court did not address or make a finding on whether the events constituted an occurrence or accident that was covered under the terms of the policy, I would reverse and remand with directions on what definition to apply.
[¶ 28.] The majority opinion does not clearly state which definition of “occurrence” or “accident” this Court is adopting for future reference. I submit that we *777 adopt the Eighth Circuit’s definition discussed in City of Carter Lake v. Aetna Cas. & Sur. Co., 604 F.2d 1052 (8th Cir. 1979). The issue in Carter Lake was whether the City’s insurance policy covered sewage backup. Aetna argued that some of the sewage backups “were not occurrences or accidents as those terms [were] used in the policy because the [] backups were ‘expected.’ ” Id. at 1056. The Eighth Circuit rejected Aetna’s “attempt[] to equate expected with reasonable foreseeability.” Id. The Eighth Circuit reasoned:
To adopt Aetna’s interpretation that an injury is not caused by accident because the injury is reasonably foreseeable would mean that only in a rare instance would the comprehensive general liability policy be of any benefit to Carter Lake. Enforcement of the policy in this manner would afford such minimal coverage as to be patently disproportionate to the premiums paid and would be inconsistent with the reasonable expectations of an insured purchasing the policy. See 7A J. Appleman, Insurance Law and Practice § 4493, at 16 n26 (1972). Under Aetna’s construction of the policy language if the damage was foreseeable then the insured is liable, but there is no coverage, and if the damage is not foreseeable, there is coverage, but the insured is not liable. This is not the law. The function of an insurance company is more than that of premium receiver.
Id. at 1058.
[¶ 29.] The Eighth Circuit indicated that the question is “whether a result is ‘expected’ as a matter of probability” and rejected the concept “that a result is expected ... simply because it was reasonably foreseeable.” Id. This does not mean that all negligent acts are covered. Id. at 1058-59. The Eighth Circuit applied the term “expected” to mean “that the actor knew or should have known that there was a substantial probability that certain consequences will result from his actions.” Id. That determination is based on the totality of the circumstances in each case. Id. The Eighth Circuit explained:
If the insured knew or should have known that there was a substantial probability that certain results would follow his acts or omissions then there has not been an occurrence or accident as defined in this type of policy when such results actually come to pass. The results cease to be expected and coverage is present as the probability that the consequences will follow decreases and becomes less than a substantial probability. See R. Keeton, Basic Text on Insurance Law § 5.4(c), at 298-300 (1971).
Id. at 1059.
[¶ 30.] The Eighth Circuit further noted that substantial probability is a matter of the degree of expectability:
The difference between “reasonably foreseeable” and “substantial probability” is the degree of expectability. A result is reasonably foreseeable if there are indications which would lead a reasonably prudent man to know that the particular results could follow from his acts. Substantial probability is more than this. The indications must be strong enough to alert a reasonably prudent man not only to the possibility of the results occurring but the indications also must be sufficient to forewarn him that the results are highly likely to occur.
Id. n. 4. The significance of Carter Lake is its rationale and analysis of what “expected” means when determining whether there is insurance coverage for “accidents.” By adopting the Eighth Circuit’s rationale and definition, this Court would provide a workable standard for the courts of our state in future cases where “accident” is undefined in the policy.
*778 [¶ 31.] Based on the facts of that case, Carter Lake ultimately determined that the sewage backups that occurred after the first incident “were not unexpected and thus were not accidents or occurrences as those terms were used in the insurance policy.” Id. In the case before us, the circuit court did not decide whether “the insured knew or should have known that there was a substantial probability that certain results would follow [her] acts or omissions.” Id. The circuit court did not consider whether Hunter knew or should have known that there was a substantial probability that Robnik would uncap the basement sewer and have sewage backup as a result of Hunter’s declaration on the real estate disclosure form. Under Carter Lake, Hunter had to have been “forewarn[ed] that the results [were] highly likely to occur.” Id. Neither the parties nor the circuit court addressed this issue. The circuit court, instead, decided that Hunter’s conduct was not covered by insurance because it was intentional or contractually excluded. Consequently, the circuit court did not determine whether Hunter’s action constituted an occurrence or accident that was covered under the policy’s terms.
[¶ 32.] Because of the split of authority on the definition of “occurrence” or “accident” and lack of precedent from this Court, it seems reasonable to remand this case given the inherently factual determination whether there is a substantial probability that a person’s actions will result in harm. Thus, I would remand this case with instructions to apply Carter Lake’s, definition of “accident.”
[¶ 33.] SABERS, Retired Justice, joins this dissent.